```
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EXCELSIOR INSURANCE COMPANY     :    CIVIL ACTON
                                :    NO. 09-3198
        v.                      :
                                :
INCREDIBLY EDIBLE DELITES,      :
INCREDIBLE FRANCHISE CORP. and  :
EDIBLE ARRANGEMENTS             :
INTERNATIONAL, INC.             :
```

O'Neill, J.                                                  December 17, 2009

## **MEMORANDUM**

I have before me Excelsior Insurance Company's motion to dismiss Incredibly Edible Delites ("IED") and Incredible Franchise Corp.'s ("IFC") third, fourth and fifth counterclaims or in the alternative to bifurcate, IED and IFC's response, Excelsior's reply and IED and IFC's sur-reply.

## BACKGROUND

I.  Procedural Background

On July 20, 2009, Excelsior filed a complaint against IED, IFC and Edible Arrangements International, Inc. ("EAI") seeking declaratory relief pursuant to 28 U.S.C. § 2201 and a determination by this Court of the rights and responsibilities of the parties under an insurance policy issued by Excelsior. Pursuant to a stipulation, EAI was dismissed as a defendant by my Order dated September 8, 2009. IED and IFC filed their answer, affirmative defenses and counterclaims on October 9, 2009. Excelsior now moves to dismiss IED's and IFC's third counterclaim (breach of contract), fourth counterclaim (breach of covenant of good faith and fair dealing) and fifth counterclaim (statutory bad faith, 42 Pa. Cons. Stat. § 8371).

II. Factual Background[1]

IED and IFC allege that "[i]n 2006 and 2007, IED and IFC, through their insurance broker, obtained a policy of insurance from Excelsior for commercial general liability coverage." Counterclaim ¶ 5. They further allege that,

> 8. In the paperwork provided by Excelsior at the time the Policy was entered into, IFC, the entity that issues franchises on behalf of IED, was described as an 'Additional Insured - Grantor of Franchise.
>
> 9. IED and IFC reasonably understood this designation to indicate that IFC was an Additional Insured under the Policy and to describe its role in the enterprise as granting franchises.
>
> 10. At no time has IFC granted a franchise to IED, and any policy limiting coverage to franchises granted by IED would be an absurdity and a dead letter.

Counterclaim ¶ 8-10.

EAI instituted litigation against IED and IFC in Connecticut and EAI alleges in that litigation that "IFC used EAI's confidential 'innovative marketing programs' to harm EAI's interests by 'compet[ing] directly against' EAI." Counterclaim ¶ 11 and 14. IED and IFC allege that they have "incurred defense costs and made claims for defense under the Policy to Excelsior in accordance with the Policy" and that they "are entitled to have Excelsior defend the EAI litigation under the terms of the Policy so long as there is any potentially covered claim in the action." Counterclaim ¶ 12-13.

---

[1] I accept as true all well-pleaded facts in IED and IFC's counterclaims together with reasonable inferences that may be drawn therefrom. Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).

2

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though a plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id., citations omitted. The complaint must state "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Wilkerson v. New Media Tech. Charter School Inc., 522 F.3d 315, 321 (3d Cir. 2008), quoting Twombly, 550 U.S. at 556.

The Court of Appeals has recently made clear that after Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1955, 173 L.Ed. 2d 868 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' Iqbal, 129 S. Ct. at 1949. To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, No. 07-4285, 2009 WL 2501662, at * 4 (3d Cir. 2009). The Court explained, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Id., citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint

3

has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1949.

DISCUSSION

I. <u>IFC Adequately Pled Excelsior Breached a Duty Owed to IFC</u>

Excelsior makes one primary argument as to why the third, fourth and fifth counterclaims should be dismissed: IFC has failed to plead adequately that Excelsior breached a duty owed to IFC.[2] Excelsior notes that in order to prevail on its breach of contract and breach of the duty of good faith and fair dealing claims, IFC must allege that Excelsior owed a duty to IFC as its insured and that Excelsior breached that duty. See Ware v. Rodale Press, Inc., 322 F.3d 18, 225 (3d Cir. 2003) (stating elements required to prove breach of contract); Temple Univ. Hospital v. Group Health Inc., No. 05-102, 2006 U.S. Dist. LEXIS 1548, at *16 (E.D. Pa. Jan. 18, 2006) (stating elements required for breach of duty of good faith and fair dealing). In the same vein, Excelsior argues with respect to IFC's statutory bad faith cause of action that IFC must allege that IFC was an insured of Excelsior. See 42 Pa. Cons. Stat. Ann. § 8371 ("if the court finds that the insurer has acted in bad faith toward the insurer"). Excelsior claims that IFC in its pleadings has admitted that it was not an insured under the Policy and that Excelsior did not owe a duty to IFC. IFC alleges that the Policy describes IFC as an "Additional Insured - Grantor of Franchise" and that "[a]t no time has IFC granted a franchise to IED." Excelsior argues that these two allegations read together constitute an admission by IFC that Excelsior owes no duty to IFC under the Policy and therefore Excelsior did not breach any duty owed to IFC under the Policy. I

---

[2] The counterclaims were filed jointly by IED and IFC. Excelsior's reasons why the third and fifth counterclaims should be dismissed are not based on any deficiencies in IED's pleadings. Rather, with respect to these two claims, Excelsior's arguments pertain solely to IFC.

4

will not grant Excelsior's motion to dismiss because I find IFC adequately alleges that Excelsior breached a duty owed to it.

IFC alleges, "[i]n knowing and willful breach of the insurance policy, Excelsior has refused to reimburse or defend that Counterclaim Plaintiffs for their covered claims under the Policy." Counterclaim ¶ 41. This allegation alone is a sufficient statement that Excelsior had a contractual obligation to IFC as an additional insured under the Policy and breached that duty.

Excelsior paraphrases the language of the Policy and urges me to construe it as stating "Additional Insured as a Grantor of a Franchise." I find it is facially plausible that IFC, as the entity which issued franchises on behalf of IED, reasonably understood the description "Additional Insured - Grantor of Franchise" to mean that IFC was an Additional Insured under the Policy and to describe its role in the enterprise as granting franchises. Under this construction, IFC has alleged that Excelsior owed a duty to IFC as an Additional Insured and breached that duty by not reimbursing or defending IFC for its covered claims. Therefore, I will deny Excelsior's motion to dismiss IFC's third and fifth counterclaims.[3]

II. IFC and IED's Fourth Counterclaim for Breach of The Duty of Good Faith and Fair Dealing Will Be Dismissed

In Pennsylvania, a covenant of good faith and fair dealing is implied in every contract. Lyon Fin. Servs. v. Woodlake Imaging, LLC, No. 04-3334, 2005 U.S. Dist. LEXIS 2011, at *21 (E.D. Pa. Feb. 9, 2005). Pennsylvania law generally does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing. See Morgan Truck

---

[3] Because I find IFC has adequately pled that it is an "insured" under the Policy, I do not need to reach Excelsior's alternative argument that IFC failed to plead adequately that it is an intended third party beneficiary under the Policy with respect to IFC's statutory bad faith counterclaim.

Body, LLC v. Integrated Logistics Solutions, LLC, No. 07-1225, 2008 U.S. Dist. LEXIS 21962, at *14 (E.D. Pa. Mar. 20, 2008); Lyon Fin. Servs., No. 04-3334, 2005 U.S. Dist. LEXIS 2011, at *21 ("Pennsylvania law does not, however, recognize an independent claim for breach of the implied covenant of good faith and fair dealing."); McAllister v. Royal Caribbean Cruises, Ltd., No. 02-CV-2393, 2003 U.S. Dist. LEXIS 24287, at *4 (E.D. Pa. Sept. 30, 2003) (same); Bagasra v. Thomas Jefferson Univ., No. 99-CV-2321, 1999 U.S. Dist. LEXIS 10939, at *1 (E.D. Pa. July 20, 1999) (dismissing an implied covenant claim where the plaintiff stated a separate claim for breach of contract). "In fact, the Third Circuit has held that a party may not maintain separate claims for breach of contract and breach of covenant of good faith and fair dealing where both causes of action arise out of the same conduct by the defendant." Morgan Truck Body, 2008 U.S. Dist. LEXIS 21962, at *15 (citing Parkway Garage, Inc. v. City of Philadelphia, 5 F.3d 685, 701-02 (3d Cir. 1993)).

Here, IFC and IED argue that their fourth counterclaim for breach of the duty of good faith and fair dealing concerns conduct separate and apart from the conduct underlying the breach of contract claim. They argue that the breach of contract action is based upon Excelsior's failure to reimburse and defend IFC and IED in the Connecticut action. In contrast, they argue the breach of the duty of good faith claim "is based on a wider range of deceptive acts, including '[a]ttempting to add material terms to the Policy' without notice to Defendants, failing to disclose that it did not intend to honor the policy as to IFC, and otherwise misrepresenting the terms of the Policy."

At the outset, I note that IFC and IED carefully cited only those portions of their breach of the duty of good faith claim which support their argument and ignored the other half of the

6

allegations which clearly identify conduct underlying their breach of contract claim. As Excelsior points out in its reply, certain conduct upon which IFC and IED rely to support the breach of the duty of good faith claim clearly overlaps with the breach of contract conduct. See Counterclaim ¶ 45(a) ("[r]efusing to recognize legitimate claims under the Policy"); ¶ 45(d) ("[f]ailing to render a sincere and substantial performance of its obligations under the Policy").

IFC and IED also allege that Excelsior breached the covenant of good faith and fair dealing by:

> b.  Knowingly and intentionally misrepresenting the terms under which they would pay claims under the Policy, by, among other statements set forth herein, failing to disclose that it did not intend to pay any claim made by IFC even though IFC was listed as an Additional Insured under the Policy; [and]
>
> c.  Attempting to add material terms to the Policy that were not disclosed to the Counterclaim Plaintiffs at the time the Policy was executed[.]

Counterclaim ¶ 45. It is these two allegations which IFC and IED argue are separate from the conduct underlying the breach of contract action. The Court of Appeals has held that "[a] party is not entitled to maintain an implied duty of good faith claim where the allegations of bad faith are identical to a claim for relief under an established cause of action." Northview Motors, Inc. v. Chrysler Motors Corp., 227 F.3d 78, 91-92 (3d Cir. 2000) (affirming dismissal of separate claim for breach of implied covenant of good faith); see also Grider v. Keystone Health Plan Cent., Inc., No. 2001-CV-05641, 2003 U.S. Dist. LEXIS 16551, at *96-98 (E.D. Pa. Sept. 18, 2003) (declining to allow a duty of good faith and fair dealing claim when it could have been brought as a claim for fraud); Caudill Seed & Warehouse Co. v. Prophet 21, Inc., 126 F. Supp. 2d 937, 939 (E.D. Pa. 2001) (noting that "under Pennsylvania law, 'a party is not entitled to

7

maintain an implied duty of good faith claim where the allegations of bad faith are 'identical to' a claim 'for relief under an established cause of action.'"). These allegations could be construed as a breach of contract issue (requiring interpretation of the contract to define its material terms), a claim of intentional misrepresentation, or even a statutory bad faith claim that Excelsior attempted to add material terms in an attempt to deny IFC benefits under the Policy.[4] I find that although IED and IFC attempt to distinguish these claims from the breach of contract action, the allegations of breach of duty of good faith and fair dealing could have been brought under an established cause of action.

For the reasons set forth in Morgan Truck Body, 2008 U.S. Dist. LEXIS 21962, discussed supra, I will dismiss IFC's and IED's claim for breach of the duty of good faith and fair dealing. That count is superfluous. However, IFC and IED will be permitted to allege that the conduct underlying their breach of duty of good faith claim supports their breach of conduct or statutory bad faith act claim. See Temple Univ. Hospital, 2006 U.S. Dist. LEXIS 1548, at *18 (permitting counterclaim plaintiff to amend its pleading after determining it had failed to state a claim for the breach of the duty of good faith and fair dealing).

III.    Excelsior's Motion to Bifurcate Will Be Denied

Excelsior moves to bifurcate IFC and IED's remaining breach of contract and statutory bad faith claims from the declaratory judgment claims. Federal Rule of Civil Procedure 42(b)

---

[4] In Pennsylvania, a plaintiff may recover for the bad faith of an insurer under 42 Pa. Cons. Stat. § 8371 if he or she shows that the insurer: "(1) did not have a reasonable basis for denying benefits under the policy; and (2) knew or recklessly disregarded its lack of a reasonable basis in denying the claim." J.C. Penney Life Ins. Co. v. Pilosi, 393 F.3d 356, 367 (3d Cir. 2004) (citations omitted). Pennsylvania courts have interpreted the term "bad faith" as "any frivolous or unfounded refusal to pay proceeds of a policy." Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994) (quoting Black's Law Dictionary 139 (6th ed. 1990)).

gives this Court discretion to order separate trials for separate issues, claims or counterclaims "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b); see Idzojtic v. Pennsylvania R.R. Co., 456 F.2d 1228, 1230 (3d Cir. 1972) (decision to bifurcate is matter within discretion of trial judge to be decided on case-by-case basis). "The moving party bears the burden of demonstrating that bifurcation would serve judicial economy, avoid inconvenience, and not prejudice any of the parties." AstenJohnson v. Columbia Cas. Co., No. 03-1552, 2006 WL 1791260, 2 (E.D. Pa. Jun. 22, 2006). I agree with IFC and IED that Excelsior has failed to prove that bifurcating these claims would serve judicial economy. Even if the declaratory judgment claims are decided for Excelsior, IFC and IED may be permitted to proceed with their bad faith claims against the insurer. See Willow Inn, Inc. v. Pub. Serv. Mut. Ins. Co., 399 F.3d 224, 235 (3d Cir. 2005). In Gallatin Fuels, Inc. v. Westchester Fire Ins. Co., 244 Fed. Appx. 424, 435 (3d Cir. 2007), the Court of Appeals allowed the insured's bad faith claim to proceed even assuming the insurer was correct as a matter of law in denying the claim because "the bad faith claim [was] based largely on behavior beyond [the insurer's] denial of the claim." In that case, the insured also alleged that the insurer "misrepresented the terms of the policy, dragged its feet in the investigation of the claim, hid information from [the insured], and continued to shift its basis for denying the claims." Id. Similarly, a finding here that Excelsior did not ultimately have a duty to cover IFC does not make Excelsior's alleged actions (e.g., wrongfully naming EAI as a defendant in this action and thereby disrupting the settlement proceedings between IFC and EAI in the Connecticut litigation) per se reasonable. Because both IED and IFC may maintain bad faith causes of action, I find that bifurcating the claims will not serve judicial economy.

An appropriate Order follows.